UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-CV-15-FDW-DSC

| | |
|---|---|
| JEFFREY G. CALDWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)    ORDER<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and supporting memorandum (Doc. No. 12), Defendant's Motion for Summary Judgment (Doc. No. 13) and supporting memorandum (Doc. No. 14), and the Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 15) recommending that Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. After Plaintiff filed objections to the M&R (Doc. No. 16) and Defendant filed a Response (Doc. No. 17), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

**I.    BACKGROUND**

Plaintiff does not lodge any specific objections to the procedural history section or facts contained in the M&R. Therefore, the facts and portion of the M&R entitled "Procedural History" are hereby adopted and incorporated by reference as if fully set forth herein.

1

On July 2, 2012, Plaintiff filed an application for Disability Insurance Benefits alleging that he became disabled on June 5, 2011, due to allergic dermatitis and high blood pressure. (Tr. 21, 195, 223). After his application was denied initially and upon reconsideration (Tr. 97-100), Plaintiff requested a hearing (Tr. 34-74, 110). The Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 19-29). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he had severe impairments of allergic dermatitis and obesity (Tr. 21); however, those impairments did not meet or medically equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 22-23). The ALJ then found that Plaintiff had the Residual Functional Capacity (RFC) to perform light work, provided that he did not crawl; climb ladders, ropes or scaffolds; work at unprotected heights or around dangerous machinery; work in an environment with extreme heat or cold, humidity, dampness, or excessive respiratory irritants such as fumes or odors; work with diesel grease or other industrial chemicals; and was limited to frequent handling and fingering with his non-dominant left arm. (Tr. 23).

Based on this RFC, the ALJ found that Plaintiff could not perform his past work as a diesel mechanic or maintenance mechanic. (Tr. 27). Nevertheless, in response to a hypothetical that factored in the above limitations, a vocational expert identified various jobs Plaintiff could perform that were available in significant numbers in the economy. (Tr. 28-29). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 28-29).

After the Appeals Council denied Plaintiff's Request for Review (Tr. 1-6), Plaintiff filed the present action challenging the ALJ's decision on two grounds: (1) the ALJ erred by failing to include all of Plaintiff's limitations related to his contact dermatitis in the hypothetical question posed to the vocational expert; and (2) the ALJ erred by determining that Plaintiff did not meet the requirements of Listing 8.05 for dermatitis. The M&R found that substantial evidence supported

the ALJ's decision and that the ALJ applied the correct legal standard. (Doc. No. 15). Plaintiff timely filed an objection to the M&R, objecting only to its finding regarding the hypothetical question. (Doc. No. 16).

## II.  STANDARD OF REVIEW

### A.  Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

### B.  Review of the Memorandum and Recommendation

In this case, the M&R found that there was "substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and her ultimate determination that Plaintiff was not disabled." (Doc. 15, p. 13). The Federal Magistrate Act states that a district court "shall make

a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, 28 U.S.C. § 636(b)(1) "does not on its face require any review at all of issues that are not the subject of an objection." Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000). Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

### III. ANALYSIS

**A. Plaintiff's Objection to the M&R**

In his brief to this Court, Plaintiff objects only to the M&R's finding that the ALJ did not err by failing to ask the vocational expert for jobs that minimize skin exposure to the particular substances to which Plaintiff is allergic. At step four of the disability determination, the ALJ assesses the claimant's RFC, or what a claimant can still do, factoring in "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware." 20 C.F.R. § 416.945(a)(2). At step five, the ALJ may rely on the expertise of a vocational expert to determine whether a claimant can perform work that exists in significant numbers in the national economy, given that claimant's work-related limitations. 20 C.F.R. §§ 404.1520(g), 404.1566(e). The vocational expert's opinion "must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted).

Here, at step four, the ALJ found that Plaintiff had the RFC to perform light work, provided that he did not crawl; climb ladders, ropes or scaffolds; work at unprotected heights or around dangerous machinery; work in an environment with extreme heat or cold, humidity, dampness, or excessive respiratory irritants such as fumes or odors; work with diesel grease or other industrial chemicals; and was limited to frequent handling and fingering with his non-dominant left arm. (Tr. 23). At step five, a vocational expert identified various jobs that a hypothetical person with those limitations could perform. (Tr. 28).

In his brief to this Court, Plaintiff argues that the M&R incorrectly concluded that the ALJ's hypothetical question to the vocational expert "fairly set out all of claimant's impairments." (Doc. No. 16, p. 4). Reasserting the same arguments he made in his Summary Judgment motion, Plaintiff contends that his dermatitis causes additional restrictions that the ALJ did not include in her RFC assessment or in her hypothetical question. Specifically, he argues the ALJ's restriction of Plaintiff to a work environment that did not involve diesel grease or other industrial chemicals and did not involve excessive fumes or odors "was not nearly sufficient to alert the [vocational expert] to the fact that Plaintiff must minimize skin exposure to balsam of Peru" and "products such as liquid hand soaps." (Doc. No. 16, p. 3-4). As the M&R points out, however, substantial evidence supports the limitations that the ALJ included in her hypothetical question and RFC determination.

Much of the evidence relating to Plaintiff's skin condition comes from Dr. Daniel Bellingham's treatment notes and Dr. Elizabeth Sheretz's dermatological consultation. The ALJ thoroughly discussed and assessed this evidence, explaining how it established the specific limitations found in the RFC and hypothetical question. In particular, according to Dr. Bellingham's notes, Plaintiff had dermatitis on his arms and palms when he initially left work in June 2011 (Tr. 23, 25, 287), it "just about cleared" in July (Tr. 23, 25, 289), but it recurred in

August when Plaintiff briefly returned to work (Tr. 23, 25, 41, 321-22, 290, 292). Dr. Bellingham opined that Plaintiff could have "no exposure to grease/occupational chemicals" and that he would have to change jobs. (Tr. 295, 299, 301-02). Dr. Bellingham's notes reflected that after Plaintiff had been away from work and was no longer exposed to those chemicals, his dermatitis improved (Tr. 25-26, 390, 395, 401), and in November 2013, it was "controlled." (Tr. 25-26). The ALJ gave great weight to Dr. Bellingham's opinion that Plaintiff could not continue his prior work as a mechanic (Tr. 27) but gave little weight to other portions of Dr. Bellingham's opinions, including that Plaintiff was limited to sedentary work (Tr. 27) and that Plaintiff met the requirements of Listing 8.05, explaining that the evidence failed to support these conclusions (Tr. 27).

In addition, the ALJ discussed Dr. Sheretz's notes. Dr. Sheretz examined Plaintiff in October 2011 and concluded that he likely had work-related contact dermatitis caused mainly by the red grease to which Plaintiff had been exposed as a mechanic (Tr. 25) and that the condition was possibly aggravated by other products in the workplace such as irritation from diesel fuel, oils, parts cleaner, and powdered hand soap (Tr. 324). Dr. Sheretz further explained that while Plaintiff "may have had exposure to fragrance and surfactant in his own home," "the fact that he improved significantly away from work despite these ongoing exposures, and then broke out again when he returned to work support the notion that most of the problem has been related to workplace exposures." (Tr. 324). Dr. Sheretz recommended that Plaintiff avoid products at home and work containing ingredients to which he was allergic and that, "when possible," he wear chemical-impervious gloves at work. (Tr. 324). The ALJ gave great weight to Dr. Sheretz's opinion but noted that the evidence did not establish that Plaintiff wore gloves at home. (Tr. 26). Plaintiff testified that gloves caused him to sweat and that Dr. Bellingham advised against continuing to use them. (Tr. 46).

Finally, the ALJ gave some weight to State agency medical consultants' opinions that Plaintiff was capable of performing the demands of some work despite his impairments. (Tr. 27, 78-81, 89-92). See 20 C.F.R. § 404.1527(e)(2)(i) (accepting State agency medical consultants as "highly qualified . . . experts in Social Security disability evaluation").

As the M&R points out, the ALJ's decision demonstrates that she considered and weighed the evidence, properly assessed Plaintiff's RFC, and posed a hypothetical question that incorporated all relevant work-related limitations that were supported by substantial evidence. Specifically, the ALJ limited Plaintiff to work that did not involve diesel grease or other industrial chemicals based on Dr. Bellingham's opinion that Plaintiff could have "no exposure to grease/occupational chemicals" and Dr. Sheretz's opinion that Plaintiff required "*workplace* accommodations so that he minimizes skin contact with fragrances, surfactants, and particularly the red grease." (Tr. 23-27, 66, 301, 324). She limited Plaintiff to a work environment that did not involve excessive fumes or odors based on Dr. Sheretz's opinion that Plaintiff should avoid fragrances. (Tr. 23-27, 66, 324). And she limited Plaintiff to a work environment that did not involve extreme heat or cold, humidity, or dampness based on Plaintiff's testimony (Tr. 23-27, 47) and other record evidence (Tr. 23-27, 80-81, 91) that his skin was sensitive to temperature extremes. (Tr. 23-27, 66).

The ALJ further determined that a limitation to wearing gloves was unwarranted based on Plaintiff's testimony that gloves cause more harm than good and that Dr. Bellingham advised him not to wear gloves. (Tr. 26, 46). Also, as the M&R explains, the ALJ properly focused on Plaintiff's work-related limitations in declining to include a limitation to avoid "exposure to . . . surfactants and perfumes that are found in common everyday items such as hands soaps and shampoos." (Pl. Br. 7). See 20 C.F.R. § 404.1545(a)(4) ("When we assess your [RFC], we will

7

consider your ability to meet the physical, mental, sensory, and other requirements of *work*."). Regardless, Dr. Sheretz acknowledged that Plaintiff's condition improved away from work despite "ongoing exposures" to fragrances and surfactants at home.

Accordingly, because substantial evidence supports the limitations that the ALJ both included and declined to include in her hypothetical question and RFC determination, the ALJ did not err.

**B. Further Review of the Record**

Because Plaintiff did not object to the M&R's determination regarding Listing 8.05, this Court will accept the M&R's conclusion absent clear error. The M&R discusses in great detail the reasoning behind the ALJ's assessment and correctly found that the ALJ had substantial evidence to support its decision. The Court finds no clear error; therefore it accepts the M&R's conclusion that substantial evidence supports the ALJ's findings and conclusions that Plaintiff did not meet the requirements of Listing 8.05.

## IV. CONCLUSION

In sum, the Court is satisfied that substantial evidence supports the ALJ's decision and that there is no reversible error. IT IS THEREFORE ORDERED that Plaintiff's objections are OVERRULED. The Court hereby ACCEPTS and ADOPTS the Magistrate Judge's M&R (Doc. No. 15); DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 11); GRANTS Defendant's Motion for Summary Judgment (Doc. No. 13); and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: October 6, 2016

Frank D. Whitney
Chief United States District Judge